IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| United States of America, | ) | |
|---|---|---|
| | ) | Case No: 16 C 4421 |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| Arthur Robinson, | ) | |
| Movant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Arthur Robinson's successive motion to have his sentence vacated, set aside or corrected pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the motion [1,12] is denied. The Court declines to issue a certificate of appealability. Civil case terminated.

## STATEMENT

On November 27, 2001, a grand jury returned a four-count indictment against Robinson and co-defendant Jermaine Weeden for knowingly and intentionally possessing with intent to distribute quantities of mixtures containing cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1). (*United States v. Robinson*, 01 CR 907 (N.D. Ill.), Indictment, Dkt. # 7.) In total, the four-count indictment alleges that Robinson possessed 52.89 grams of crack. (*Id*.)

On April 18, 2002, Robinson entered into a plea agreement with the government in which he pleaded guilty solely to count four, which charged him with possessing with intent to distribute approximately 10.8 grams of crack. (*Id*., Plea Agreement, Dkt. # 19 at 2-4.) Though Robinson did not plead guilty to the three other counts, he admitted the facts establishing his guilt of those charges as relevant conduct for the purpose of computing his sentence under the Sentencing Guidelines. (*Id*. at 4.)

Consistent with the evidence and his admissions in the plea agreement, Robinson and the government agreed to a base offense level ("BOL") of 32 because the total amount of crack for which he was responsible was greater than 50 but less than 150 grams. (*Id*. at 7.) The parties also agreed to adjust the BOL based on a variety of factors, including Robinson's status as a career offender. (*Id.* at 7-10.) Ultimately, his adjusted base offense level ("ABOL") was determined to be 34 and his criminal history category was set at IV. (*Id*. at 7-8, 10.) On October 21, 2002, Robinson was sentenced by this Court to a term of imprisonment of 262 months, a term of supervised release of five years and a statutory assessment of $100.00. (*Id*., 10/21/02 Sentencing Order, Dkt. # 24.)

Robinson did not appeal his conviction or sentence as his plea agreement contained an appellate waiver, but he did file a motion to vacate his sentence pursuant to 28 U.S.C, § 2255, contending that his counsel was ineffective. This Court denied the motion, see *U.S. v. Robinson*,

No. 03 C 8696, 2005 WL 1126554 (N.D. Ill. May 4, 2005), and his appeal was dismissed by the Seventh Circuit for lack of jurisdiction. *See U.S. v. Robinson*, 03 C 8696 (N.D. Ill.), Dkt. ## 37, 57, 58.)

On April 18, 2016, Robinson filed another § 2255 motion seeking relief under *Johnson v. United States*, 135 S.Ct. 2551 (2015), which declared the residual clause of the definition of a crime of violence under the Armed Career Criminal Act ("ACCA") unconstitutionally vague. This Court transferred Robinson's motion to the Seventh Circuit for a determination of whether he was authorized to proceed with a successive § 2255 motion. (*U.S. v. Robinson*, 16 C 4421, Dkt. # 3.) On May 17, 2016, the Seventh Circuit authorized this Court to hear his successive motion. (*Id*., Dkt. # 10.) Subsequently, Robinson moved to stay consideration of his motion pending the Supreme Court's decision in *Beckles v. United States*, No. 15-8544, 616 Fed. App'x. 415 (11th Cir. 2015), cert. granted, 2016 WL 1029080, which this Court granted. After the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (Mar. 6, 2017), the Court directed the parties to file updated briefs on Robinson's successive § 2255 motion. (*U.S. v. Robinson*, 16 C 4421, Dkt. # 21.) The parties have done so and the motion is ripe for decision.

Robinson does not actually appear to be raising a claim under *Johnson*, but to the extent that he is, *Johnson* provides no relief. As an initial matter, *Johnson* applies to the residual clause of the definition of a crime of violence under ACCA, not the career offender Sentencing Guideline provision, § 4B1.1, pursuant to which Robinson's sentence was enhanced. The Supreme Court recently concluded in *Beckles* that *Johnson's* vagueness rationale did not apply to the Guidelines. *Beckles v. United States*, 137 S. Ct. 886, 894 (Mar. 6, 2017). It is true that in a concurring opinion, Justice Sotomayor noted that it is an open question whether "defendants [like Robinson] sentenced to terms of imprisonment before our decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005) . . . may mount vagueness attacks on their sentences." *Beckles*, 137 S. Ct. at 902 n.4. Regardless, Robinson was not sentenced as a career offender for prior convictions of crimes of violence, which *Johnson* addressed, but rather for prior convictions of controlled substance offenses. Therefore, *Johnson* does not call into question Robinson's sentence.

Any claims raised by Robinson that are not based on or affected by *Johnson* are time-barred. *See Stanley v. United States*, 827 F.3d 562, 565 (7th Cir. 2016). Moreover, even if timely, to the extent Robinson seeks relief under *Mathis v. United States*, 136 S. Ct. 2243 (2016), such a challenge must be brought in a petition under 28 U.S.C. § 2241. *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) ("An independent claim based on *Mathis* must be brought, if at all, in a petition under 28 U.S.C. § 2241. . . . [which] would need to be filed in the district where the petitioner is in custody.").

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings For the United States District Courts, the Court declines to issue a certificate of appealability. A certificate may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). A petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that

the issues presented were adequate to deserve encouragement to proceed further." *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014) (quotations omitted). Because Robinson's claims do not satisfy this standard, the Court denies a certificate of appealability.

**Date**: June 14, 2017

                                              **Ronald A. Guzmán**
                                              **United States District Judge**